UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CHARLES HENRY ICKES III                                        PLAINTIFF

v.                                             CIVIL ACTION NO. 1:17CV-P29-GNS

TWIN LAKES REGIONAL MED.
CENTER ET AL.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Henry Ickes, a pretrial detainee currently incarcerated in the Grayson County Detention Center (GCDC), filed a *pro se* complaint (DN 1) and amended complaint (DN 5) pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow claims to proceed against Defendants Washington, Twin Lakes, and Dr. Thomas and will dismiss all other claims.

**I. SUMMARY OF CLAIMS**

In the complaint, Plaintiff brought suit against Twin Lakes Regional Med. Center (Twin Lakes) and its "Doctor"; GCDC Jailer Jason Woosley; the GCDC "Medical department . . . (Doctor Nurses)"; and "Dr. Washington, Rita, Gary, and Mike." He sues the Twin Lakes "Doctor" and Jailer Woosley in their individual and official capacities but does not specify the capacity in which he sues the other Defendants.

As his statement of the case, Plaintiff alleges as follows:

> On 2/18/2016 at Roughly 7:00 am I was in A Medical At Grayson County Jail and Awoke To Vomiting and defacating blood To Large qaunity's. I was sent To Twin Lakes Regional Medical Center. Multiple Test Were done At The beggining of My Stay At the hospital. More Tests were done At the End of my Stay that indicated blood Loss, Yet I was still Released back to the Jail with instruction To bring me back Immediately upon Any More bleeding or other Complications occurring. I was brought back to the

> Jail and placed in the same cell, Within A one and half (1 ½ ) Time Frame, Vomiting and defacating blood begin occurreing again. I was not Taken To The hospital but moved To Another cell where I Could be monitored more easily.
>
> A Few hours passed, while Several More incidents occurred as I continued To ask For Nurse Mike, who was At The Femail Jail And Not available once I Spoke To The Nurse I was Told I would Remain in An Observation cell. (45-60?) Minutes A Fourth And Final incident occurred with great blood Loss where I was Rushed back To The hospital where Sugery was to be started and ultimately Transported To Louiville For the Remainder Of The Surgery Completed (Norton's hospital)[.]

As relief, Plaintiff seeks monetary and punitive damages.

By Order entered June 30, 2017 (DN 4), because Plaintiff did not indicate in which capacity he sued some Defendants and did not indicate wrongdoing by some Defendants, the Court provided Plaintiff with an opportunity to file an amended complaint.

In the amended complaint, Plaintiff brings suit against Twin Lakes; Twin Lakes physician Dr. Paul D. Thomas, M.D.; GCDC Jailer Woosley; and GCDC "Medical Department Roy Washington, NP," a nurse practitioner. Plaintiff sues all Defendants named in the amended complaint in their individual and official capacities.

Similar to the facts alleged in the complaint, Plaintiff alleges in the amended complaint that on February 18, 2016, he was taken to Twin Lakes around 8:00 a.m., "after waking up and throwing up a large amount of blood, and also having a large amount of blood come out as stoole from my rectum." He reports that blood work was taken in the morning at the hospital and that, a few hours later, around 12:45 p.m., results from additional testing came back showing a decrease in hematocrit and hemoglobin levels. Plaintiff asserts, "The Doctor Paul D. Thomas MD sent me back to the jail stating that [] If I have any more blood coming out of my body to come back right away, so he can find out where I'm bleeding from." Plaintiff claims, "[Dr.

Thomas] knew I had internal bleeding and delayed finding out how bad and where it was coming from."

Plaintiff alleges that upon returning to GCDC, he had around four episodes of bleeding from his mouth and rectum and that he notified "Deputies and Nursing Staff" each time about his bleeding before they finally took him back to the hospital. Plaintiff states that by that time, he had become weak and dazed and does not remember being taken to the hospital. He additionally states, "I woke up 3 and a half days later in Nortons Hospital in Louiville Kentucky. When waking up I had half of my stomach taken out and I had a 12 inch stapled up cut in the middle of my stomach."

In conclusion, Plaintiff alleges:

> With this all said Twin Lakes Regional Medical Center and staff delayed finding out how bad my internal bleeding was during the first visit to the Hospital. They delayed treatment. Grayson County Detention Center and staff along with the Medical Department of the Jail also delayed treatment. They watched me bleed out for almost 12 hours before I past out from bleeding out. I was loosing blood faster then the Hospital could put it back into me.

As relief, Plaintiff seeks monetary and punitive damages.

## II. **LEGAL STANDARD**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. Jailer Woosley

*Individual-capacity claims*

To the extent Plaintiff seeks to hold Defendant Woosley liable based on his supervisory position as the GCDC Jailer, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy*

*v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Woosley was actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The Court, therefore, will dismiss the individual-capacity claims against Defendant Woosley for failure to state a claim upon which relief can be granted.

*Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Therefore, in the case at bar, Plaintiff's claims against Defendant Woosley in his official capacity are actually brought against Grayson County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

5

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of Grayson County. The complaint, therefore, fails to establish a basis of liability against the municipality and, therefore, fails to state a cognizable § 1983 claim against it. Accordingly, the official-capacity claims against Defendant Woosley will be dismissed.

### B. GCDC "Medical department"

Under § 1983, "person" includes individuals and "bodies politic and corporate." *Monell*, 436 U.S. at 689-90, n.55; *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997). "A prison's medical department is not an entity with a corporate or political existence . . . ." *Hix v. Tenn. Dep't. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Rogers v. State of Ohio*, No. 2:15-CV-

6

1877, 2015 WL 9290198, at *2 (S.D. Ohio Dec. 21, 2015) ("Because a county sheriff's office is not capable of being sued, it follows that a particular department of a sheriff's office, namely, the 'Jefferson County Sheriff's Medical Department,' likewise lacks the capacity to be sued."), *report and recommendation adopted*, No. 2:15-CV-1877, 2016 WL 270308 (S.D. Ohio Jan. 21, 2016); *Sullivan v. Hamilton Cty. Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418 at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued). Consequently, Plaintiff's claims against the GCDC "Medical department" will be dismissed.

### C. *Defendant Nurse Practitioner Washington*

While Plaintiff does not specifically mention Defendant Washington in the statement of his claims, because Defendant Washington is the only member of the GCDC medical staff Plaintiff chose to name in the amended complaint in response to an Order of the Court and because Plaintiff indicates in the amended complaint that he told medical staff about his repeated episodes of bleeding, the Court liberally construes the *pro se* complaint in a light most favorable to Plaintiff, as it must, and will allow a Fourteenth Amendment claim of delayed treatment to continue against Defendant Washington in his individual capacity for damages.[1]

The Court will dismiss the official-capacity claims against Defendant Washington on the same basis it dismissed the official-capacity claims against Defendant Woosley – Plaintiff failed to allege that his harm was caused by a policy or custom of Grayson County. *Alkire v. Irving*, 330 F.3d at 815.

---

[1] Because Plaintiff is a pretrial detainee, he is protected by the Due Process Clause of the Fourteenth Amendment. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001); *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("[T]he Eighth Amendment's protections apply specifically to post-conviction inmates[.]").

7

### D. *Defendants Rita, Gary, and Mike*

Plaintiff failed to state the capacity in which he sues Defendants Rita, Gary, and Mike. Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. at 165. As stated above, "[o]fficial-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.*

In the complaint, Plaintiff seems to list Defendants Rita, Gary, and Mike as working in the GCDC "Medical department," but he does not sue them in any capacity or specify their medical roles. In the amended complaint, while Plaintiff specifically names Defendant Washington as a nurse practitioner in his individual capacity and alleges claims against medical staff, Plaintiff fails to name Rita, Gary, or Mike as a Defendant. The Court, therefore, finds that neither the complaint nor amended complaint contains an indication that Plaintiff intends to impose individual liability on Defendants Rita, Gary, or Mike, and the Court will **not** construe this action as asserting an individual-capacity claim against them. Any official-capacity claim against Defendants Rita, Gary, and Mike fails based on Plaintiff's failure to allege a municipal policy or custom that resulted in his alleged harm. *Alkire v. Irving*, 330 F.3d at 815. The claims against these Defendant, therefore, will be dismissed for failure to state a claim.

*E. Twin Lakes and Dr. Thomas*

On preliminary review of the complaint, it is unclear whether Twin Lakes and/or Dr. Thomas are state actors. Therefore, upon consideration, the Court will allow the Fourteenth Amendment claim of delayed treatment to continue against Twin Lakes and Dr. Thomas in his individual capacity. The Court also liberally construes Plaintiff's allegations in the complaint and amended complaint as asserting a medical malpractice claim and will allow that claim to proceed against Twin Lakes and Dr. Thomas.

## IV. <u>ORDER</u>

For the foregoing reasons, and being otherwise sufficiently advised,

**IT IS ORDERED that the following claims shall continue on initial review** of the complaint and amended complaint: (1) the Fourteenth Amendment claim of delayed treatment against Defendant Washington in his individual capacity for damages; and (2) the Fourteenth Amendment and medical malpractice claims against Twin Lakes and Dr. Thomas in his individual capacity. In allowing the claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.

Before directing service on Defendants, however,

**IT IS ORDERED that within <u>30 days</u> from the entry date of this Order, Plaintiff must file fully completed summons forms for Defendants Washington, Twin Lakes, and Dr. Thomas**.[2] The **Clerk of Court is DIRECTED** to send Plaintiff three blank summons forms for his completion.

---

[2] The Court offers the following guidance to Plaintiff in his completion of the summons forms: (1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.

**Upon receipt of the completed summonses filed by Plaintiff, the Clerk of Court shall issue the summonses**. Because Plaintiff paid the filing fee in full and is not proceeding *in forma pauperis*, the Court is not required to order that service be made by the United States Marshals Service (USMS), but **Plaintiff may file a motion requesting the Court to order that service be made by the USMS**. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal . . . . The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."). **The Clerk of Court is DIRECTED to send Plaintiff a motion form for his use should he wish to request service be made by the USMS**. Should Plaintiff not file a motion requesting service by the USMS, the Clerk of Court will issue summonses and return them to Plaintiff, who will be responsible for service of the summons and complaint and amended complaint on Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

**Plaintiff is WARNED that his failure to file the fully completed summonses within the time allowed may result in dismissal of the action for failure to comply with an Order of this Court and for failure to prosecute**.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**As all claims against Defendants Woosley, GCDC "Medical department," Rita, Gary, and Mike are dismissed, the Clerk of Court is DIRECTED to terminate them from this action**.

Date: October 5, 2017

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Grayson County Attorney
4416.005